IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

NO. 05-15751-D

_____

IN RE: JOSEPH DONALD GANDY,

Petitioner.

_3:01 -cr-334-J-20_

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 1 5 2005

THOMAS K. KAHN
CLERK

FILED

11 NOV 17 P 3: 55

Before BIRCH, MARCUS and WILSON, Circuit Judges.

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and

Effective Death Penalty Act of 1996, Joseph Donald Gandy has filed an application seeking an order

authorizing the district court to consider a second or successive petition for a writ of habeas corpus.

Such authorization may be granted only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional
> law, made retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered
> previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that, but for constitutional error, no reasonable factfinder would have found
> the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

In his application, Gandy indicates that he wishes to raise five claims in his successive § 2255

motion: (1) his guilty plea was involuntarily made; (2) his counsel was ineffective; (3) he is actually

innocent; (4) the Bureau of Alcohol, Tobacco, and Firearms withheld evidence; and (5) he was

mentally and physically incompetent to stand trial. Gandy asserts that his third claim relies upon

newly discovered evidence. Specifically, he claims Tammy Kocian sent him two letters, which he

attaches to his application, showing that she "actually created the crime," and that she was going to

call Gandy's lawyer and tell him "how they forced her to set [Gandy] up." With regard to his other

four claims, Gandy does not assert that they rely upon either a new rule of constitutional law or

newly discovered evidence.

The newly discovered evidence exception in § 2255 cases applies only to "newly discovered

evidence that . . . would be sufficient to establish by clear and convincing evidence that no

reasonable factfinder would have found the movant guilty of the offense." In re Dean, 341 F.3d

1247, 1248 (11th Cir. 2003) (internal quotation marks and citations omitted). In her letters, Kocian

apologizes to Gandy and asks him to forgive her "for what happened," and states "[i]t wasn't all my

fault!! Think about who was all involved." She writes, "I'll call your lawyer and tell him

everything," and states, "I have had to live with guilt . . .," and "I know that you were only trying to

protect yourself and I screwed everything up for you."

Gandy pled guilty to possessing a firearm by a convicted felon. (App. at 3). He does not

allege that this conviction was based on testimony by Kocian. (See generally App.). In fact, he notes

at one point that Kocian and another set him up on "cocaine charges," which apparently relate to one

-2-

or more of the predicate convictions listed on his underlying federal indictment. (App. Attach. 1 at 3-4). Thus, Kocian's ambiguous statements in her letters, in which she never mentions a firearm, do nothing to disprove Gandy's guilt. (See App. Attach. 3, 4). Moreover, Gandy admits that he committed this crime in his application. (App. Attach. 1 at 5, 10-11). Thus, contrary to Gandy's suggestions, these letters do not constitute newly discovered evidence for purposes of § 2255 because they fail to establish, by clear and convincing evidence, that a reasonable factfinder would not have found Gandy guilty of the federal charge referred to above. See In re Dean, 341 F.3d at 1248.

Accordingly, because Gandy has failed to make a prima facie showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.